The People *vs.* Jacob Aldrich.  *Grand Larceny.*

NEW-YORK, June, 1823.

The prisoner was charged with a grand larceny for stealing one hundred and thirty Spanish milled dollars, the property of Jeremiah P. Fogg, on the 6th day of May, 1823.

The People *vs.* Jacob Aldrich.

It appeared the prisoner boarded at Mr. Williams', in the Bowery, and had left his boarding unpaid, alleging he had no money and went away.

It also appeared, by the testimony of the prosecutor, that he boarded at the same house, and had his money secured in a trunk in his bed room. The trunk was broken open, and the money carried away. It had been taken to the Jersey City Bank and exchanged for paper. The prisoner was soon after seen full of money, and refused to explain how he came in possession of it. He was examined, and committed for trial. The identity of the money was proved upon the trial, and no doubt of his guilt existed.

Description of money.

The averment in the indictment, charged that the defendant had feloniously taken and carried away " one hun- " dred and thirty Spanish dollars, of the current coin of " this State."

*Price,* counsel for the prisoner, took two exceptions to the indictment.

1. That this State has no current coin, the right of coining being reserved to the United States, by the express provision of the Constitution, and by the laws passed by Congress on the subject, a description therefore, describing " the current coin of this State" is inaccurate and insufficient. It should have been described as the current coin of the United States, or avered to be foreign coin.

NEW-YORK,
June, 1823.

The People
vs.
Nath'lReeder,
et al.

2. That the Spanish dollar not being a legal tender in the United States, or in this State, has no legal value and that it was a well settled principle of law, that foreign coin must be avered to be so, and its value set forth in the indictment. No value being set forth, it does not appear to the Court that any loss has been sustained, and cited 1 Mass. Rep. 245.

*Maxwell, District Attorney,* replied, that the State of New York was one of the United States, and what was the current coin of the United States was also the current coin of the State of New York, and that he took the first exception, made by the counsel for the prisoner, to be untenable.

With respect to the second objection, he took the law to be, where the coin was current in the country, and it had a well known and settled value, it was unnecessary to aver the value in the indictment.

The Court recommend that the points of law be reserved, and a verdict taken, subject to the opinion of the Court on the questions of law.

The jury found the prisoner guilty.

---

### The People *vs.* Nathaniel Reeder, Frederick Syfor, and John Nugent. *Highway Robbery.*[*]

The prisoners were charged with committing a robbery on the 4th day of June, 1823, on the person of John I. Davis, of his pocket book, containing forty-two dollars, in the suburbs of the city of New York.

The uncorroborated testimony of a young accom- THE facts of the case were as follows: A Mr. John I. Davis, who resided in Essex County, in New Jersey, came into the City on business, and got in company with the